[No. B263411. Second Dist., Div. Five. June 21, 2016.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFONSO PUERTO, Defendant and Appellant.

**COUNSEL**

Pamela J. Voich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KUMAR, J.**[*]—A jury convicted defendant and appellant Alfonso Puerto of criminal threats (Pen. Code, § 422, subd. (a))[1] and battery (§ 242), and found true a criminal street gang allegation applied to both offenses (§ 186.22, subds. (b)(1)(B), (d)). The trial court found true the allegation that defendant had a prior felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (a)–(d), 1170.12, subds. (b)–(g)) and four prior felonies within the meaning of section 667.5, subdivision (b). Defendant was sentenced to state prison for 11 years and awarded 306 days of sentence credit consisting of 153 days of actual custody and 153 days of conduct credit.

Defendant contends insufficient evidence supports the jury's criminal street gang allegation findings, the prosecution did not plead or prove the prior strike conviction, and the trial court erred in calculating his award of sentence

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All statutory citations are to the Penal Code unless otherwise noted.

credit. We affirm the criminal street gang allegation and prior strike conviction findings, and order the minute order for defendant's sentencing hearing and the abstract of judgment modified to reflect 416 days of sentence credit consisting of 208 days of actual custody and 208 days of conduct credit.

## BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I. *The Jury's Gang Allegation Findings**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II. *The Trial Court's Prior Strike Conviction Finding*

Defendant argues the prosecution did not plead he had a prior strike conviction under the Three Strikes law, but, if it did, it failed to present sufficient evidence to support the strike allegation. The prosecution alleged defendant had a prior conviction for violating section 245, subdivision (a)(1) (section 245(a)(1))[6] that qualified as a prior strike conviction under the Three Strikes law. Sufficient evidence supports the trial court's finding that the allegation was true.

#### A. *Pleading*

In his opening brief, defendant notes the information does not allege a prior strike conviction and, although the record indicates the prosecution filed an amended information, the record on appeal does not contain an amended information. We granted the Attorney General's request to augment the record to include a copy of the amended information, which includes a prior strike conviction allegation. Accordingly, the prosecution alleged the prior strike conviction.

#### B. *Proof*

■ "The People must prove each element of an alleged sentence enhancement beyond reasonable doubt. [Citation.]" (*People v. Delgado* (2008)

---

*See footnote, *ante*, page 325.

[6] Section 245(a)(1) provides: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment."

43 Cal.4th 1059, 1065 [77 Cal.Rptr.3d 259, 183 P.3d 1226] (*Delgado*).) " '[O]fficial government records clearly describing a prior conviction presumptively establish that the conviction in fact occurred, assuming those records meet the threshold requirements of admissibility. (See Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].) Some evidence must rebut this presumption before the authenticity, accuracy, or sufficiency of the prior conviction records can be called into question.' [Citation.] [¶] Thus, if the prosecutor presents, by such records, prima facie evidence of a prior conviction that satisfies the elements of the recidivist enhancement at issue, and if there is no contrary evidence, the fact finder, utilizing the official duty presumption, may determine that a qualifying conviction occurred. [Citations.]" (*Id.* at p. 1066.)

Defendant argues the assault offense under section 245(a)(1) is not automatically a serious or violent felony under section 667, subdivision (c) or a serious offense under section 1192.7, subdivision (c). He contends, relying on *Delgado, supra*, 43 Cal.4th at page 1067, such an assault may constitute a violent or serious offense under those sections only if the defendant personally used a firearm or a dangerous or deadly weapon, or personally inflicted great bodily injury. The prosecution failed to prove the prior strike allegation, he argues, because it did not adduce evidence regarding either of those qualifiers. Defendant's reliance on *Delgado* is misplaced because that case concerned a version of section 245(a)(1) that was not in effect when defendant committed his prior assault offense.

In *Delgado, supra*, 43 Cal.4th 1059, the Supreme Court considered the sufficiency of the abbreviated notation " 'Asslt w DWpn' " on an abstract of judgment from a prior conviction to permit the inference that the conviction was for a serious felony. (*Id.* at p. 1065.) Delgado's alleged prior conviction was for a violation of section 245(a)(1). (*Delgado, supra*, 43 Cal.4th at p. 1065.) The version of section 245(a)(1) in effect when Delgado violated that statute made it a "felony offense to 'commit[] an assault upon the person of another with a deadly weapon or instrument other than a firearm *or* by any means of force likely to produce great bodily injury.' [Citation.]" (*Delgado, supra*, at p. 1065.)

█ The Supreme Court explained, " '[A]ssault with a deadly weapon' is a serious felony. (§ 1192.7, subd. (c)(31).) On the other hand, while serious felonies include all those 'in which the defendant *personally inflicts* great bodily injury on any person' (*id.*, subd. (c)(8), italics added), assault merely by *means likely to produce* GBI, without the additional element of personal infliction, is not included in the list of serious felonies. Hence, as the parties acknowledge, a conviction under the deadly weapon prong of section 245(a)(1) is a serious felony, but a conviction under the GBI prong is not." (*Delgado, supra*, 43 Cal.4th at p. 1065.)

■ Thus, the court in *Delgado* held, "[I]f the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. [Citations.] In such a case, if the statute under which the prior conviction occurred could be violated in a way that does not qualify for the alleged enhancement, the evidence is thus insufficient, and the People have failed in their burden. [Citations.]" (*Delgado, supra*, 43 Cal.4th at p. 1066.)

In this case, in support of defendant's prior strike conviction allegation, the prosecution relied on court records, admitted by the trial court, that showed defendant pleaded nolo contendere to assault in violation of section 245(a)(1) on September 30, 2013, in *People v. Puerto* (Super. Ct. L.A. County, 2013, No. BA411761), for an assault that took place in 2013. In the amended information, the prosecution alleged defendant was convicted on June 18, 2014, in case No. BA411761[7] of violating section 245.

In 2011, section 245(a)(1) provided: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm *or by any means of force likely to produce great bodily injury* shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." (Italics added.) That year, the Legislature amended section 245, removing assaults "by any means of force likely to produce great bodily injury" from subdivision (a)(1), and placing the language in newly added subdivision (a)(4) of section 245.[8] (Stats. 2011, ch. 183, § 1; *People v. Brown, supra*, 210 Cal.App.4th at p. 5, fn. 1.) Thus, the version of section 245(a)(1) in effect when defendant committed the offense for which he pleaded nolo contendere in 2013 (and in effect now), made it a crime to " 'commit[] an assault upon the person of another with a deadly weapon or instrument other than a firearm.' " That is, unlike the version of section 245(a)(1) at issue in *Delgado, supra*, 43 Cal.4th at page 1065, the version at issue in this case concerns only assaults with a deadly weapon or instrument other than a firearm, and does not concern assaults by means of force likely to produce great bodily injury—which assaults are now addressed in subdivision (a)(4) of section 245.

---

[7] The amended information appears to identify the wrong conviction date.

[8] "According to the Report of the Assembly Committee on Public Safety, the purpose of this change was to permit a more efficient assessment of a defendant's prior criminal history since an assault with a deadly weapon qualifies as a 'serious felony' (see Pen. Code, § 1192.7, subd. (c)(1)), while an assault by force likely to produce great bodily injury does not. (See Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1026 (2011–2012 Reg. Sess.) as introduced Feb. 18, 2011.)" (*People v. Brown* (2012) 210 Cal.App.4th 1, 5, fn. 1 [147 Cal.Rptr.3d 848].)

█ Assault with a deadly weapon is a serious felony. (§ 1192.7, subd. (c)(31); *Delgado, supra,* 43 Cal.4th at p. 1065.) Section 1192.7, subdivision (c)(31) does not require personal use of the deadly weapon. █ Defendant pleaded nolo contendere to "commit[ing] an assault upon the person of another with a deadly weapon or instrument other than a firearm." The version of section 245(a)(1) in effect when defendant committed the assault to which he pleaded nolo contendere in 2013 could not be violated in a way that did not constitute a serious felony under section 1192.7, subdivision (c)(31). Accordingly, sufficient evidence supports the trial court's prior strike conviction finding.

III. *Defendant Was Entitled to 416 Days of Sentence Credit**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The minute order for defendant's sentencing hearing and the abstract of judgment are ordered modified to reflect 416 days of sentence credit consisting of 208 days of actual custody credit and 208 days of conduct credit. The trial court is to forward a corrected abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

Kriegler, Acting P. J., and Baker, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 12, 2016, S236309.

---

*See footnote, *ante,* page 325.